**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 18-cr-00405-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   LESTER J. PETTY,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT AND MOTION FOR VARIANT SENTENCE, ECF 22 AND 23, AND GOVERNMENT'S SENTENCING STATEMENT**
_____

The United States of America (the Government), by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, hereby submits its Response to Defendant's Sentencing Statement and Motion for Variant Sentence, ECF 22 and 23, and submits its Sentencing Statement in advance of the May 23, 2019 sentencing hearing scheduled in this matter.

**Background**

This defendant is before the Court for sentencing on his plea of guilty to a one-count Information that charged the offense of False Statement or Fraud to Obtain Federal Employees' Compensation, in violation of Title 18, United States Code, Section

1

1920.

The defendant is a former United States Postal Service (USPS) employee. In April of 1998, the Office of Workers' Compensation Program (OWCP) determined that the defendant was disabled. Starting that month, the defendant submitted claims for reimbursement related to his conditions and the OWCP paid the majority of those claims. ECF 14 at 6.

However, between July 2011 and May 2018, the defendant submitted 74 claims each for the purchase of a mobile whirlpool. Through his plea agreement, the defendant admitted that he created false invoices to support these claims for reimbursement for whirlpools he did not purchase. All told, the OWCP paid the defendant a total of **$105,170.60** for 61 false whirlpool claims submitted by him. The defendant has agreed to pay this amount in restitution to the OWCP. *Id.* at 6-8.

**Probation Office's Recommendation.**

The parties and the Probation Office agree that the advisory guideline range in this case is 10-16 months in prison. ECF 17 (PSI) at 12, ¶ 77. The Probation Office recommends that the Court impose a split sentence of five months in custody and five months of home confinement. *Id.* at R-1, n.1. In support of this sentence, the Probation Officer notes that the defendant 1) has no criminal history; 2) is 69 years old; 3) took responsibility for his conduct when first questioned by law enforcement; and 4) suffers from a number of physical and mental ailments. Aggravating factors include the

fact that the defendant is a retired federal employee who abused the OWCP benefits program for almost seven years.

Given these factors, the Probation Officer submits that the recommended sentence serves the sentencing objectives of Title 18, United States Code, Section 3553(a) in that it adequately reflects the seriousness of the offense and will serve as a deterrent to others. *Id.* at R-4.

**Defendant's Sentencing Statement and Motion for Variant Sentence**

The defendant requests that the Court impose a sentence of five years of probation or the minimum amount of home confinement or prison sentence with the condition that he perform 200 hours of community service with a veteran's service organization. The defendant also agrees, as stated in the Plea Agreement, that he be ordered to pay **$105,170.60** in restitution to the OWCP. ECF 22 at 1.

In support of his sentencing recommendation, the defendant submits that he

- Readily admitted his guilt, which brought about a pre-indictment resolution
- Is 69 years old, has no criminal history, and is "not a high risk to reoffend"
- Is committed to paying back the restitution amount due
- Suffers from mental and physical disabilities
- As a result of his conviction, the defendant is no longer eligible to receive benefits related to his disabilities

- He will no longer receive treatment and guidance from Colorado Rehabilitation and Occupational Medicine and Rocky Mountain Psychiatry

ECF 22.

**Government's Sentencing Statement**

In the plea agreement, the government agreed to recommend a sentence no higher than the bottom of the applicable guideline range, and agreed to consider any arguments the defendant submitted for a variant sentence.   The government agrees with the recommendation of the Probation Office that a period of home confinement is warranted.   However, the government is persuaded by the arguments put forth by the defendant, and by the wishes of defendant's former employer, that a period of incarceration is not warranted in this case.   Given the defendant's age and health issues, the government submits that a six-month period of home confinement, combined with complying with the terms of probation for three years, will satisfy the sentencing objectives set forth in Title 18, United States Code, Section 3553(a).   The government is recommending a term of three years of probation as compared to the five years recommended by the defendant so as not to task the Probation Office with committing five years' worth of resources to supervising this defendant, cognizant of the limited resources available to that office.

As to the Title 18, United States Code, Section 3553(a) factors, the government states as follows:

- **The nature and circumstances of the offense**

The defendant was a federal employee who abused a benefits program designed to assist those employees who sustain injuries on the job.   The defendant's felony conviction and the difficulties that will result from his status as a convicted felon, coupled with his loss of benefits, home confinement, the terms of probation, and the restitution amount due, will adequately address the nature and circumstances of the offense.

- **History and characteristics of the defendant**

The defendant is 69 years old and worked for the USPS for 17 years.   He has no criminal history and suffers from a number of physical and mental disabilities. These factors weigh in favor of the recommended variant sentence detailed above.

- **The recommended sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

The fact that this former federal employee will be a convicted felon, may be ordered to serve a period of home confinement, comply with the terms of probation, will be required to pay over $100,000 to the OWCP, lose his disability benefits and access to certain treatment programs for the remainder of his life, will meet these sentencing objectives.

- **The recommend sentence will afford adequate deterrence to criminal conduct**

There is no indication that this defendant will reoffend, and every indication is that he will be deterred from additional criminal conduct as a result of any sentence imposed by the Court.   In addition, his conviction and the consequences of it will serve as a deterrent to other employees, federal or private, who consider submitting false claims for reimbursement for alleged expenses.

- **Three years of probation will provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

The Probation Office recommends that the Court impose the special condition that the defendant successfully complete a program of mental health treatment.   ECF 17 at R-3, ¶ 6.   This condition, along with supervision by the Probation Office, will address the defendant's mental health care needs.   In addition, should the Court order the defendant to complete community service, this work can hopefully provide the defendant with needed education and training.

Finally, undersigned counsel advises the Court and counsel that she has been in communication with the investigative agency, the United States Postal Service, Office of Inspector General, about this case.   That office advises that the defendant's eligibility for disability benefits was revoked upon the entry of his guilty plea.   This fact, along with the consequences of the defendant's status as a convicted felon, and the

requirement that the defendant pay the agreed upon restitution amount, satisfy the objectives of that agency.

### Conclusion

For these reasons, the government states that at the sentencing hearing, it will request that the Court impose a variant sentence of three years of probation, with the special condition of six months of home confinement, all of the standard and special conditions recommended by the Probation Office, the special condition that the defendant perform 200 hours of community service, and an order requiring the defendant to pay **$105,170.60** in restitution to the OWCP.   The government submits that such a sentence will satisfy the sentencing objectives of Title 18, United States Code, Section 3553(a) as argued above.

DATED this 9th day of May, 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: *s/ Martha A. Paluch*
MARTHA A. PALUCH
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 9th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

        s/ *Martha A. Paluch*
        MARTHA A. PALUCH
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        martha.paluch@usdoj.gov